# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**MISTY JEAN MCNABB and PAUL EUGENE MCNABB,**<br><br>   Debtors. | **Case No. 18-00101-TLM** |
| **NOAH G. HILLEN, Chapter 7 Trustee,**<br><br>   Plaintiff,<br><br>v.<br><br>**PAUL MCNABB SR.; REBECCA MCNABB; and PAUL'S HARLEY SERVICE & REPAIR, INC.,** an Idaho corporation,<br><br>   Defendants. | **Adv. No. 18-06034-TLM** |

## MEMORANDUM OF DECISION

### BACKGROUND

On January 26, 2018, Misty Jean McNabb and Paul Eugene McNabb Jr. ("Debtors") filed a chapter 13 petition for bankruptcy relief. Doc. No. 1. On May 16, 2018, the case was converted to one under chapter 7 and Noah Hillen was appointed chapter 7 trustee ("Trustee").

MEMORANDUM OF DECISION - 1

Case 18-06034-TLM    Doc 32    Filed 04/02/19    Entered 04/02/19 13:45:40    Desc Main
Document    Page 2 of 7

On December 27, 2018, Trustee filed a complaint against Paul McNabb Sr., Rebecca McNabb (the "McNabbs"), and Paul's Harley Service and Repair, Inc. (the "Business") (collectively, "Defendants"). Adv. Doc. No. 1 ("Complaint"). In the Complaint, Trustee alleges Debtors fraudulently transferred cash, multiple vehicles, and Debtors' interest in the Business to Defendants.

Certificates of Service show that summonses and copies of the complaint were served on January 4, 2019 to the McNabbs personally by United Stated first class mail to "197 Beaver Place, Cascade, ID 83611." Adv. Doc. Nos. 10, 11. On that same day, a summons and copy of the complaint was served on the Business via United States first class mail to the Business "c/o Misty McNabb, 123 Banner Street, Nampa, ID 83686." Adv. Doc. No. 9. No response having been filed, default was entered against the defendants on February 12, 2019. Adv. Doc. No. 13. On February 14, 2019, Default judgment was entered against the Defendants. Adv. Doc. No. 15. at 2—3.

On February 20, 2019, the McNabbs, acting pro se, filed a motion to set aside default judgment. Adv. Doc. No. 19. The McNabbs alleged they were not properly served with copies of the complaint and summonses and, therefore, were not aware of the need to file an answer. *Id*. at 2. On March 11, 2019, counsel appeared for the McNabbs and filed an amended motion to set aside default judgment under Federal Rule 60(b)(1). Adv. Doc. Nos. 26, 27. Defendants further amended their motion to set aside default judgment on March 22, 2019. Adv. Doc. No. 29 (the motion and amendments are collectively referred to as the "Motion"). A hearing on the Motion was held on March 25, 2019, after which the matter was taken under advisement. Adv. Doc. No. 30.

**LEGAL STANDARD**

MEMORANDUM OF DECISION - 2

The Court has previously provided:

> The bankruptcy court may set aside a clerk's default "for good cause" under Fed. R. Bankr. P. 7055 and Fed. R. Civ. P. 55(c). The court may grant relief from a default judgment in accordance with Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b). The "good cause" standard applicable to vacating an entry of default is the same standard governing vacating a default judgment under Fed. R. Civ. P. 60(b). *Franchise Holding II, LLC, v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 927 (9th Cir. 2004) (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)); *Ultrasonics, Inc. v. Eisberg (In re Ultrasonics, Inc.)*, 209 B.R. 856 (Bankr. D. Idaho 2001).
>
> Rule 60(b)(1) allows relief from a judgment or order when the moving party establishes "mistake, inadvertence, surprise or excusable neglect . . .." In deciding whether to grant relief under this provision, the court must examine three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant had a meritorious defense; or (3) whether reopening the default judgment would prejudice the plaintiff. *Franchise Holding*, 375 F.3d at 926; *Morris v. Peralta (In re Peralta)*, 317 B.R. 381, 388 (9th Cir. BAP 2004); *Hammer v. Drago (In re Hammer)*, 112 B.R. 341, 345 (9th Cir. BAP 1990), aff'd, 940 F.2d 524 (9th Cir. 1991). These factors are disjunctive, meaning that the bankruptcy court may properly deny the motion and refuse to grant relief if any one of the three factors are satisfied. *Franchise Holding*, 375 F.3d at 926. As the moving party, Defendant bears the burden of demonstrating these factors favor vacating the default judgment. *Knoebber*, 244 F.3d at 696; *Peralta*, 317 B.R. at 388. "The determination as to whether a default . . . shall be set aside rests in the sound discretion of the trial court." *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969) (citations omitted).
>
> The concept of "culpability" for these purposes is consistent with the definition of "excusable neglect," and entails such considerations as "prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith." *Peralta*, 317 B.R. at 388 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). *See also Franchise Holding*, 375 F.3d at 926 (explaining that the concept of excusable neglect overlaps with the issue of culpability, and that there is no reason to analyze these criteria separately). "Excusable neglect" is an elastic notion, equitable in nature, and there are no per se rules. *Pincay v. Andrews*, 389 F.3d 853, 854—59 (9th Cir. 2004), cert. denied, 125 S.Ct. 1726 (2005).
>
> In considering whether a movant has shown a potentially meritorious defense, the movant's factual assertions are accepted as true, but "mere legal conclusions, general denials, or simple assertions that the movant has a

> meritorious defense" are insufficient to justify upsetting the underlying judgment. *Hammer*, 112 B.R. at 345 (quoting *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978)). *See also Franchise Holding*, 375 F.3d at 926 (holding conclusory statements were insufficient to justify vacating a default judgment).

*Rainsdon v. Matthews (In re Matthews)*, 2017 WL 1956843, *2—3 (Bankr. D. Idaho May 10, 2017).

As explained by the Ninth Circuit, in *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691 (9th Cir. 2001), there is a "balance between the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments." *Id*. at 695. The provisions of 60(b) are "remedial in nature and . . . must be liberally applied." *Id*. at 696 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). In recognition of the principal that cases should, when possible, be decided on the merits, the Ninth Circuit stated, "[w]here there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *TCI Group*, 244 F.3d at 696.

However, "[t]his does not mean, of course, that the moving party is absolved from the burden of demonstrating that, in a particular case, the interest in deciding the case on the merits should prevail over the very important interest in the finality of judgments." *Id*. The party seeking to vacate the judgment must establishing that such relief is justified. *Id*.

## DISCUSSION AND DISPOSITION

    **A. Federal Rule 60(b)(1)**

MEMORANDUM OF DECISION - 4

Defendants' Motion seeks to set aside default under Federal Rule 60(b)(1), asserting Defendants' default was due to their misunderstanding regarding the legal effectiveness of service by mail (as opposed to personal service) and whether they were required to respond. Adv. Doc. No. 27 at 2. Defendants explain they received a "letter" from Trustee's counsel (evidently referring to the Complaint and Summons), but after discussing the same with Debtor Misty McNabb, who apparently consulted with unnamed counsel, Defendants believed the letter was a "scare tactic" and no response was needed. Adv. Doc. No. 28 at 2. Defendants further explain they believed due process required in-person service of process and that service by mail was ineffective. *Id*.

Civil Rule 60(b)(1) provides that the Court may relieve a party from the effects of an order for "mistake, inadvertence, surprise, or excusable neglect." The Court is to equitably consider all relevant circumstances surrounding a party's errors or omissions. *In re Genay-Wolf*, 2012 WL 2871685, *3 (Bankr. D. Idaho July 12, 2012). But, while "excusable neglect" should be liberally construed, "not even a liberal interpretation of excusable neglect will excuse every error or omission in the conduct of litigation." *Id*. (quoting *In re Bish's Boys, L.L.C.*, 2002 WL 33939626, *3 (Bankr. D. Idaho Jan. 16, 2002)).

Trustee asserts "mistakes of law" (here involving the legal requirements for service of an adversary complaint) cannot constitute excusable neglect and that Defendants' Motion under Civil Rule 60(b) must fail from the outset. The cases,

MEMORANDUM OF DECISION - 5

however, are not as sweeping as Trustee seems to assert. The cases do not hold that all mistakes of law by all individuals are inexcusable.[1]

The Court has been given no reason to believe Defendants are trained in researching, interpreting, or applying the law. Defendants here did not try to do so. They instead sought advice. They did so through an unreliable channel, rather than consulting an attorney. Being misadvised, they believed mailed service was ineffective and that no response was required. The Court finds Defendant's conduct was both "excusable neglect" and a "mistake" for purposes of Civil Rule 60(b).

### B. Additional Factors

To meet the burden of proving relief from the default judgment is justified requires a party to address three tests: (1) whether Defendants' culpable conduct led to the default; (2) whether Defendants have a meritorious defense; or (3) whether reopening the default judgment would prejudice the plaintiff. *Matthews*, *supra* (citing *Franchise Holding*, 375 F.3d at 926). These factors are disjunctive, the Court may properly deny the Motion and deny relief if any one of the three factors are satisfied. *Id*. Trustee concedes he is not "prejudiced" for purposes of this analysis. Thus, the question revolves around the other two factors.

As noted above, the Defendants refused service of the summons and complaint. Trustee asserts these refusals are culpable and, therefore, Defendants cannot meet their burden. Defendants do not deny they refused service but, as discussed, assert their

---

[1] It is true that a mistake *by an attorney* in construing clear and unambiguous rules does not, in most cases, constitute "excusable" neglect. *Speiser, Krause & Madole P.C. v. Ortiz*, 371 F.3d 884, 886 (9th Cir. 2001) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).

MEMORANDUM OF DECISION - 6

actions were the result of their misunderstanding that service of process was required to be made in person rather than by U.S. mail. The Court accepts, for purposes of this decision only, Defendants' assertion that they acted in good faith in relying on the inaccurate third-hand legal advice received from Debtor Misty McNabb or those she allegedly consulted.

In their proposed answer, Adv. Doc. No. 29 at 4—6, Defendants list several defenses to the claims asserted by Trustee. Generally, Defendants dispute the amounts, purposes, and sources of the transfers. Accepting Defendants' factual assertions as true, again for purposes of this decision only, the Court holds Defendants have met their burden of proving the existence of potentially meritorious defenses.

When construing the Motion liberally as required by the case law, and considering the strong policy in favor of deciding matters on the merits, the Court holds Defendants have met their burden of showing cause to set aside the default judgment.

**CONCLUSION**

Defendants' Motion to set aside default judgment, Adv. Doc. No. 27, will be granted. An order will be entered accordingly.

DATED: April 2, 2019

_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 7